## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Dec 10 2020, 8:41 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Donald E.C. Leicht
Peru, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Benjamin J. Shoptaw
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Wayne Anderson,
*Appellant-Defendant,*

v.

State of Indiana,
*Appellee-Plaintiff.*

December 10, 2020

Court of Appeals Case No.
20A-CR-1129

Appeal from the Howard Circuit Court

Appeal from the Howard Superior Court

The Honorable William C. Menges, Jr., Judge and Special Judge

Trial Court Cause Nos.
34D01-1112-FC-294, 34D02-1112-FC-292, and 34C01-1604-F5-73

**Riley, Judge.**

# STATEMENT OF THE CASE

Appellant-Defendant, Wayne Anderson (Anderson), appeals the trial court's revocation of his probation and imposition of his previously-suspended sentence.

We affirm.

# ISSUES

Anderson presents one issue for our review, which we restate as the following three issues:

> (1) Whether Anderson has forfeited his argument for additional credit time in his sentence imposed by the trial court in August of 2012;
>
> (2) Whether the trial court abused its discretion in calculating his credit time in the current charge; and
>
> (3) Whether the trial court erred by failing to instruct Anderson of his right to appeal.

# FACTS AND PROCEDURAL HISTORY

In October of 2011, Anderson made a purchase at Kroger with a counterfeit check in the amount of $144.04. On December 9, 2011, the State filed an Information, charging Anderson with Class C felony forgery under Cause number 34D01-1112-FC-292 (FC-292). On the same day he made the purchase at Kroger, Anderson also made a purchase at Marsh with a counterfeit check in the amount of $138.28 for which he was charged with a Class C felony forgery

in Cause number 34D02-1112-FC-294 (FC-294). On August 7, 2012, Anderson was sentenced to eight years, with four years executed and the balance suspended to probation. He was granted a total of 123 days of credit time from January 24, 2012 through May 15, 2012, and from May 16, 2012 through May 25, 2012. On June 6, 2014, Anderson commenced his probation.

[5] On April 1, 2016, the State filed an Information under Cause number 34C01-1604-F5-73 (F5-73), charging Anderson with Counts I-II, conspiracy to commit fraud on a financial institution, Level 5 felonies; Count III, counterfeiting, a Level 3 felony; Counts IV-VII, counterfeiting, Level 6 felonies; and an habitual offender enhancement. On September 27, 2017, Anderson pled guilty to Level 5 felony conspiracy to commit fraud on a financial institution, in exchange for the remaining charges being dismissed by the State. The trial court sentenced Anderson to six years, to run concurrently to his remaining sentence in FC-292 and FC-294.

[6] On May 23, 2019, Anderson's sentence in all three Causes was modified and he entered the Howard County Re-entry Court. On February 26, 2020, Anderson failed to appear for a status hearing and the trial court issued a warrant for his arrest. On March 26, 2020, Anderson was terminated from the Re-entry Program and the State filed a petition to revoke Anderson's suspended sentence. On May 5, 2020, he pled true to the allegations in the State's petition to revoke. On May 7, 2020, during a factfinding hearing, the trial court concluded that Anderson had violated his probation and ordered the balance of his remaining sentence in all three Causes to be executed.

Anderson now appeals. Additional facts will be provided if necessary.

# DISCUSSION AND DECISION

## I. *Standard of Review*

Probation is a matter of grace left to a trial court's discretion, not a right to which a criminal defendant is entitled. *Terpstra v. State*, 138 N.E. 3d 278, 284 (Ind. Ct. App. 2019), *trans. denied*. A probation violation hearing is a civil proceeding, and the State must prove the alleged probation violation by a preponderance of the evidence. *Id*. Our standard of review of the sufficiency of the evidence supporting the revocation of probation is similar to our standard of review for other matters: we consider only the evidence most favorable to the judgment without regard to weight or credibility and will affirm if there is substantial evidence of probative value to support the trial court's conclusion that a probationer has violated any condition of probation. *Id*.

## II. *Credit Time in FC-292 & FC-294*

Claiming that he was entitled to day-to-day credit, Anderson contends that the trial court abused its discretion when it calculated its credit time for his original sentence in 2012.

The record reflects that on August 7, 2012, Anderson was sentenced to eight years, with four years executed and the balance suspended to probation. At the sentencing hearing, he was granted a total of 123 days of credit time from January 24, 2012 through May 15, 2012, and from May 16, 2012 through May

25, 2012. Indiana Appellate Rule 9 (A)(1) provides a party with thirty days after the entry of final judgment in which to file a timely appeal. "Unless the notice of appeal is timely filed, the right to appeal shall be forfeited." Ind. App. R. 9(A)(5). As Anderson failed to appeal his credit time calculation within thirty days of August 7, 2012, he has now forfeited his appeal on this issue.

### III. *Credit Time in F5-73*

Next, Anderson contends that the trial court abused its discretion in the calculation of his credit time in F5-73. In F5-73, Anderson was sentenced to a Level 5 felony. "A person who is not a credit restricted felon and who is imprisoned for a crime other than a Level 6 felony or misdemeanor or imprisoned awaiting trial or sentencing for a crime other than a Level 6 felony or misdemeanor is initially assigned to Class B." Ind. Code § 35-50-6-4(b). "A person assigned to Class B earns one (1) day of good time credit for every three (3) days the person is imprisoned for a crime or confined awaiting trial or sentencing." I.C. § 35-50-6-3.1(c). Anderson served forty-one actual days while awaiting sentencing, for which the trial court gave him credit for fifty-five days by applying I.C. § 35-50-6-3.1(c). Therefore, the trial court properly calculated his credit time in F5-73 and did not abuse its discretion.

### IV. *Right to Appeal*

Lastly, Anderson claims that the trial court erred by failing to instruct him of his appellate rights at the close of the fact-finding hearing on the State's petition to revoke his probation.

[13]     Indiana Criminal Rule 11 (emphasis added) provides, in relevant part, that:

> Following the sentencing of a defendant after a trial or following a judgment revoking probation of a defendant found to have violated the terms of his probation *after a contested felony probation revocation proceeding*, the judge shall immediately advise the defendant as follows:
>
> (1) that he is entitled to take an appeal or file a motion to correct error;
>
> (2) that if he wishes to file a motion to correct error, it must be done within thirty (30) days of the sentencing;
>
> (3) that if he wishes to take an appeal, he must file a Notice of Appeal designating what is to be included in the record on appeal within thirty (30) days after the sentencing or within thirty (30) days after the motion to correct error is denied or deemed denied, if one is filed; if the Notice of Appeal is not timely filed, the right to appeal may be forfeited []

The evidence reflects that on May 5, 2020, Anderson signed a waiver of rights, acknowledging that he changed his "plea from false to true in connection with the [p]etition to [r]evoke [] currently pending" against him. (Appellant's App. Vol. II, p. 148). The sentencing order, entered on May 19, 2020 on the State's petition, also recognized that Anderson withdrew his "former plea of false and enter[ed] a plea of true to the allegations contained" in the petition to revoke. (Appellant's App. Vol. II, p. 153). Accordingly, the fact-finding hearing on the State's petition was not a contested felony probation revocation proceeding,

and, pursuant to Criminal Rule 11, the trial court was not required to advise Anderson of his appellate rights following the imposition of the sentence.

[14] However, even if the trial court was required to give the appellate instruction, its failure to do so amounted to harmless error. Failure by a trial court to advise the defendant of his right to appeal is harmless if "defendant lost none of his rights by reason of the trial court's initial failure to tell him what his rights were and has demonstrated no harm." *Carter v. State*, 438 N.E.2d 738, 740-41 (Ind. 1982). At the May 7, 2020 fact-finding hearing, the trial court informed Anderson that he was "entitled to appeal the sentence if he so desire[d]" but was not entitled to the appellate instruction. (Transcript Vol. II, p. 40). Anderson timely filed his notice to appeal and failed to now demonstrate any harm.

## CONCLUSION

[15] Based on the foregoing, we conclude that Anderson forfeited his appellate review for additional credit time in FC-292 and FC-294; the trial court did not abuse its discretion in calculating his credit time in F5-73; and the trial court was not required to instruct Anderson of his right to appeal pursuant to Criminal Rule 11.

[16] We affirm.

[17] May, J. and Altice, J. concur